# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-7205 PA (Ex) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Aasir Azzarmi v. Delta Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Motion to Remand filed by plaintiff Aasir Azzarmi ("Plaintiff") (Docket No. 24). Plaintiff, who is appearing pro se, filed this action in Los Angeles Superior Court on July 18, 2019. Defendant Delta Airlines, Inc. ("Delta"), which was served with the Summons and Complaint on July 19, 2019, filed its Notice of Removal on August 19, 2019. Delta asserts in its Notice of Removal that this Court has jurisdiction over this action based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Plaintiff's Complaint alleges claims against Delta and Juan Diaz, Tracy Gallegos, Debbie Bunch, Richard Lorich, Jeanne Maumus, and Andrea Misserian, all of whom are employees of Delta, for: (1) religious discrimination under California's Fair Employment and Housing ("FEHA") Act; (2) discrimination pursuant to California Labor Code sections 98.6 and 1101; (3) retaliation in violation of FEHA; (4) retaliation in violation of public policy; (5) harassment in violation of FEHA; (6) failure to prevent discrimination and harassment in violation of FEHA; (7) wrongful demotion in violation of FEHA; (8) wrongful demotion in violation of public policy; (9) wrongful termination in violation of FEHA; (10) wrongful termination in violation of public policy; (11) and wrongful termination arising out of religious discrimination in violation of public policy and the California Constitution.

    In his Motion to Remand, Plaintiff contends that Delta has not established the Court's diversity jurisdiction because both he and individual defendants Debbie Bunch, Richard Lorich, Jeanne Maumus, and Andrea Misserian are domiciled in California. Plaintiff also believes that Delta's Notice of Removal suffers from numerous procedural defects. In both its Notice of Removal and its Opposition to Plaintiff's Motion to Remand, Delta contends that despite Plaintiff alleging in his Complaint that he is a California citizen, he was domiciled in New York at the time he commenced this action. In support of this allegation in its Notice of Removal, Delta relies on the fact that Plaintiff had alleged that he was a citizen of New York when he filed a previous actions against Delta in September 2017and March 2018. Delta further asserts that

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7205 PA (Ex) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Aasir Azzarmi v. Delta Airlines, Inc., et al. | | |

even if Plaintiff is a citizen of California, the Court still possesses diversity jurisdiction over this action because the California defendants are fraudulently joined.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      In both its Notice of Removal and Opposition to Plaintiff's Motion to Remand, Delta relies on evidence of Plaintiff's history of claiming to be domiciled in New York when he commenced the prior actions, apparent continued use of what appears to be, at a minimum, a New York mailing address, and use in this action of an address in Los Angeles that appears to have been condemned and lack a habitable structure, to support Delta's contention that Plaintiff was a citizen of New York when he commenced this action. In light of Plaintiff's continued assertions that he has been domiciled in California throughout this litigation, and has registered to vote in California, the Court cannot conclude that Delta has established by a preponderance of the evidence that Plaintiff is domiciled in New York. Therefore, at least on this record, the Court concludes that Plaintiff is a citizen of California.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 19-7205 PA (Ex) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Aasir Azzarmi v. Delta Airlines, Inc., et al. | | |

According to Delta, even if Plaintiff is deemed to be a citizen of California, the Court still possesses diversity jurisdiction over this action because the Court should disregard the non-diverse citizenship of defendants Debbie Bunch, Richard Lorich, Jeanne Maumus, and Andrea Misserian because they are fraudulently joined. The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

According to Delta, any FEHA and defamation claims Plaintiff is attempting to assert against it and the non-diverse individual defendants are barred by the applicable statutes of limitation. Delta additionally contends that Debbie Bunch is fraudulently joined because the Complaint only lists her in the caption and does not allege any facts against her. Even if the operative pleading does not currently allege sufficient facts to state a viable claim against the non-diverse defendants, a conclusion this Court does not reach, Delta has not established that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against the individual defendants. Delta has therefore failed to meet its burden to establish that the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7205 PA (Ex) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Aasir Azzarmi v. Delta Airlines, Inc., et al. | | |

individual defendants are fraudulently joined, and the Court will not ignore their citizenship for purposes of evaluating whether diversity jurisdiction exists. Because, on this record, the Court cannot ignore the citizenship of the individual defendants, and Delta has not established by a preponderance of the evidence that Plaintiff is not domiciled in California, the Court concludes that Delta has not satisfied its burden to establish that the existence of diversity jurisdiction over this action.

    For all of the foregoing reasons, Delta has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. 19TRCV00603. See 28 U.S.C. § 1447(c). Plaintiff appears to have requested costs, fees, or sanctions as a result of Delta's filing of the Notice of Removal. The Court denies Plaintiff's request because the filing of the Notice of Removal was not objectively unreasonable. See 28 U.S.C. § 1447(c) (providing that remand orders "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal"); Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

    IT IS SO ORDERED.